UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID MATHIS | CIVIL ACTION |
| VERSUS | |
| BURL CAIN, WARDEN, ET AL. | NO. 00-0940-JJB-DLD |

CONSOLIDATED WITH

| | |
|---|---|
| JEFFERY C. CLARK, ET AL. | CIVIL ACTION |
| VERSUS | |
| THE STATE OF LOUISIANA, ET AL. | NO. 00-0956-JJB-DLD |

CONSOLIDATED WITH

| | |
|---|---|
| NORMAN BROWN, ET AL. | CIVIL ACTION |
| VERSUS | |
| SECRETARY RICHARD STALDER, ET AL. | NO. 00-0957-DLD |

CONSOLIDATED WITH

| | |
|---|---|
| DONALD WILLIAMSON | CIVIL ACTION |
| VERSUS | |
| SECRETARY RICHARD STALDER, ET AL. | NO. 00-0959-DLD |

CONSOLIDATED WITH

| | |
|---|---|
| DAVID BROWN | CIVIL ACTION |
| VERSUS | |
| RICHARD STALDER, ET AL. | NO. 01-0006-DLD |

CONSOLIDATED WITH

| | |
|---|---|
| ROBERT G. CARLEY | CIVIL ACTION |
| VERSUS | |
| RICHARD STALDER, ET AL. | NO. 01-0007-DLD |

CONSOLIDATED WITH

BARRY S. EDGE

CIVIL ACTION

VERSUS

RICHARD STALDER, ET AL.

NO. 01-0009-DLD

ORDER

This matter comes before the Court on the Motion of plaintiff Jeffrey C. Clark in Civil Action No. 00-0956-JJB-DLD to lift the stay which has been entered in these proceedings relative to his individual claims and to sever his claims from this consolidated action. This motion is opposed.

By Order dated August 13, 2004, this Court stayed proceedings in this consolidated case relative to five (5) of the pro se plaintiffs, of whom plaintiff Clark is one, pending the resolution of criminal proceedings which had been filed against them. On May 16, 2011, a jury convicted plaintiff Clark in connection with the pending criminal charges.

A Court is authorized to stay a civil proceeding during the pendency of parallel criminal proceedings. See United States v. Little Al, 712 F.2d 133 (5th Cir. 1983). The courts have outlined several factors that should be considered in determining whether "special circumstances" warrant such a stay, including but not limited to (1) the extent to which the issues in the criminal case overlap with those presented in the civil case, (2) the status of the criminal case, including whether the party has been indicted, (3) the private interests of the parties in proceeding expeditiously, weighed against the potential prejudice and burden caused by delay, (4) the interests of the Court, and (5) the interests of the public. See, e.g., Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F.Supp. 1134 (S.D.N.Y. 1995). As a general proposition, most courts have concluded that even when a stay is appropriate, it should terminate upon sentencing or acquittal in the criminal case, notwithstanding that appellate proceedings may still be continuing. See Heller v. Healthcare Finance, Inc. v. Boyes, 2002 WL 1558337 (N.D. Tex., July 15, 2002) (holding that imposition of a stay lasting through appeal would likely be unduly burdensome to the

plaintiff's interest). See also Librado v. M.S. Carriers, Inc., 2002 WL 31495988 (N.D. Tex., Nov. 5, 2002) (limiting duration of stay until sentencing or acquittal in connection with the criminal proceedings); Frierson v. City of Terrell, 2003 WL 21355969 (N.D. Tex., June 6, 2003) (same).

Based upon the foregoing, the Court finds that the plaintiff's motion should be granted, lifting the stay entered in these proceedings relative to his claims and reinstating Civil Action No. 00-0956-JJB-DLD on the Docket of the Court. Although the plaintiff's criminal appeal is not yet final, he has a substantial interest in moving forward with his claims, and he recognizes that he will be required to respond openly to discovery or face potential sanctions upon his failure to do so. Contrary to the assertion of the defendants, the plaintiff's claims do not appear to be barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), inasmuch as a judgment in the plaintiff's favor would not appear to call into question the validity of his criminal conviction. Further, inasmuch as the claims of the remaining four pro se plaintiffs remain stayed at this time, it is also appropriate that the plaintiff's individual claims be severed from this consolidated proceeding and that plaintiff Jeffery C. Clark be allowed to proceed with his separate litigation. Accordingly,

**IT IS ORDERED** that the Motion of plaintiff Jeffery C. Clark in Civil Action No. 00-0956-JJB-DLD, to lift the stay and to sever his individual claims from this consolidated litigation, be and it is hereby **GRANTED**, and that Civil Action No. 00-0956-JJB-DLD be reinstated on the Docket of the Court.

Baton Rouge, Louisiana, this 5th day of December, 2011.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE