# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DAVID MATHIS                                        CIVIL ACTION

VERSUS

BURL CAIN, WARDEN, ET AL.                           NO. 00-0940-RET

## O R D E R

By Order dated August 13, 2004, this Court stayed the proceedings in the above-caption civil action pending the resolution of criminal charges which had been filed against plaintiff David Mathis in state court. It now appears that the criminal proceedings have been concluded in the state trial court and that the plaintiff has been convicted in connection with the charges levied against him.

A Court is authorized to stay proceedings in a civil case during the pendency of parallel criminal proceedings. *See United States v. Little Al*, 712 F.2d 133 (5th Cir. 1983). As a general proposition, however, such a stay is not indefinite and courts have concluded that, even where a stay is appropriate, it should terminate upon sentencing or acquittal in the criminal case, notwithstanding that appellate proceedings may still be continuing. *See Heller v. Healthcare Finance, Inc. v. Boyes*, 2002 WL 1558337 (N.D. Tex. July 15, 2002) (holding that imposition of a stay lasting through appeal would likely be unduly burdensome to the plaintiff's interest). *See also Librado v. M.S. Carriers, Inc.*, 2002 WL 31495988 (N.D. Tex. Nov. 5, 2002) (limiting duration of stay until sentencing or acquittal in connection with the criminal proceedings); *Frierson v. City of Terrell*, 2003 WL 21355969 (N.D. Tex. June 6, 2003) (same). Accordingly,

**IT IS ORDERED**, *sua sponte*, that within fourteen (14) days of the date of this Order,

plaintiff David Mathis shall appear, in writing, and advise the Court whether he wishes to have the stay entered in these proceedings lifted and to reinstate his action on the Court's Docket. The plaintiff is advised that a failure to respond to this Order will be interpreted by the Court as an indication that the plaintiff does not wish to proceed further with this case and will result in a dismissal of the plaintiff's claims without further notice from the Court. The plaintiff is further advised that, notwithstanding the pendency of appellate proceedings in his criminal case, he will be required to respond openly to discovery in his civil action or face potential sanctions upon his failure to do so.

Signed in Baton Rouge, Louisiana, on March 6, 2014.


_____
  RICHARD L. BOURGEOIS, JR.
  UNITED STATES MAGISTRATE JUDGE